IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: BANK OF AMERICA
WAGE AND HOUR EMPLOYMENT
LITIGATION                                                    No. 10-MD-2138-JWL

**This Order Relates to All Cases**
_____

## MEMORANDUM & ORDER

This multidistrict litigation proceeding consolidates numerous putative collective and class actions against Bank of America, N.A. and Bank of America Corporation ("the Bank") on behalf of current and former non-exempt retail branch and call center employees alleging violations of both federal and state wage and hour laws. This matter is presently before the court on plaintiffs' motion to enforce the *Fortner* order regarding FLSA tolling or, in the alternative, to award FLSA tolling (doc. 82). As will be explained, the motion is granted.

**Background**

On August 18, 2009, plaintiff Sonia Fortner and others filed an FLSA collective action against Bank of America, N.A. in the United States District Court for the Southern District of Texas. The *Fortner* plaintiffs, on behalf of themselves and other similarly situated current and former employees of Bank of America, N.A., alleged that the Bank had violated the overtime provisions of the FLSA by failing to pay its employees for hours worked in excess of 40 hours in a given workweek. The *Fortner* plaintiffs broadly defined the collective class to include

"any employee" wrongfully denied overtime compensation who worked "at any business located in the United States" that was owned or operated by Bank of America, N.A.

During this same time frame, similar actions were filed in both federal and state court against both Bank of America, N.A. and Bank of America Corporation. On December 10, 2009, both Bank of America, N.A. and Bank of America Corporation moved the Judicial Panel on Multidistrict Litigation (JPML) to transfer twelve (12) actions, including the *Fortner* action, to the Central District of California for coordinated pretrial proceedings. On that same date, Bank of America, N.A. filed in the *Fortner* action a motion to stay all proceedings pending the JPML's resolution of the Bank's motion to transfer. The *Fortner* plaintiffs opposed the Bank's request for a stay but, as an alternative, asked the court, if it granted the stay, to toll the statute of limitations as of October 19, 2009, the date the Bank filed its answer to the complaint. The Bank, in turn, opposed the plaintiffs' request for equitable tolling, including their selection of the Bank's answer date as their tolling date. In a one-paragraph order, the *Fortner* court granted the Bank's motion to stay and granted the plaintiffs' motion for equitable tolling as follows:

> The [statute] of limitations for all named Plaintiffs and for any individual who has filed a consent under 29 U.S.C. § 216(b) is tolled as of October 19, 2009. This toll shall extend not only to all Plaintiffs who have already filed opt-in/consent forms but also to those putative Plaintiffs who may file opt-in/consent forms after receiving notification of the pendency of this lawsuit and their right to participate.

On April 14, 2010, the JPML issued its order transferring ten (10) actions to this district for consolidation with two actions pending here and assigning those actions to the undersigned judge for coordinated pretrial proceedings. Since that time, additional actions have been

2

transferred to this district for coordination with this MDL. On June 4, 2010, twelve named plaintiffs, including Ms. Fortner, filed a consolidated complaint against defendants Bank of America, N.A. and Bank of America Corporation alleging that the Bank deliberately failed to pay its retail branch and call center employees their earned wages and overtime compensation in violation of the FLSA and various state laws of California and Washington.

**Discussion**

Unlike Rule 23 class actions, the commencement of an FLSA collective action does not toll the statute of limitations for putative class members. 29 U.S.C. § 256(b). Thus, absent an order from the court tolling the applicable statute of limitations period, the limitations period for each putative member of the class would be three years (assuming the allegation of a willful violation of the statute) prior to the date he or she opted into the action. *Id.* §§ 255(a), 256(b). The statute, in other words, contains a look-back provision which limits to three years from opt-in how far back a plaintiff can look to find violations by his or her employer. *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475, at *7 (N.D. Cal. Mar. 6, 2007).

In their motion, plaintiffs seek a ruling from the court that the *Fortner* tolling order is presently in effect for all FLSA class members and that, under the "law of the case" doctrine, the *Fortner* order should continue to be enforced until court-authorized Notice is issued in this case (or until the date when the court denies the issuance of Notice). To the extent the court concludes that the *Fortner* tolling order is no longer in effect, plaintiffs ask the court to grant equitable tolling through the date when Notice is issued or the date when the court denies the

3

issuance of Notice. The Bank, in response, contends that the *Fortner* tolling order applies only to Bank of America, N.A. (and, thus, has no impact on Bank of America Corporation); that the *Fortner* order expired by its own terms upon transfer of the *Fortner* case to this court; that this court is not bound by the *Fortner* order in any event; and that the court should otherwise deny any additional equitable tolling because plaintiffs have not established the requisite elements for equitable tolling. Plaintiffs agree that the *Fortner* order applies only to Bank of America, N.A. and that any equitable tolling of the limitations period for claims against Bank of America Corporation must stem from an order of this court.

The parties agree that the *Fortner* order tolled the FLSA claims against Bank of America, N.A. of all FLSA class members in this MDL at least until April 14, 2010–the date *Fortner* was transferred to this court by the JPML.[1] They dispute whether the *Fortner* tolling order had any effect after the transfer of *Fortner* to this court. The Bank contends that the order expired by its own terms upon transfer to this court because the tolling order expressly expires upon "notification of the pendency of this lawsuit"–a phrase which the Bank interprets as court-authorized notice of the pendency of the *Fortner* action that was pending in the Southern District of Texas. According to the Bank, then, because the *Fortner* action is no longer pending in the Southern District of Texas as a result of the JPML's transfer order, the *Fortner* tolling order expired. Stated another way, the Bank contends that any notice that is ultimately issued

---

[1]The *Fortner* class is broader than the FLSA putative class pleaded in the consolidated complaint such that there is no dispute that the *Fortner* order covers the FLSA putative class in this MDL.

4

with respect to the *Fortner* case will only be issued in this MDL litigation and will issue from the District of Kansas.

The court does not agree with the Bank's strained interpretation of the *Fortner* order and concludes that the phrase "this lawsuit" plainly refers simply to the *Fortner* lawsuit, which still exists as a separate case despite the transfer of that lawsuit to this court for "coordination" with other cases for pre-trial purposes. *See Brown v. U.S.*, 976 F.2d 1104, 1107 (7th Cir. 1992) (where MDL consolidation is for pretrial purposes only, each transferred case retains its separate identity); *Monroe v. Gagan*, 2008 WL 4418155, at *3 (D. Ariz. Sept. 29, 2008) (individual cases underlie "facade" of consolidation); *see also Hillman v. Webley*, 1996 WL 559656, at *7 (10th Cir. Sept. 30, 1996) (recognizing that consolidation of cases "does not merge the suits into a single cause, or change the rights of the parties"). Despite consolidation, then, *Fortner* retains its separate identity. Because Notice has not yet issued in the *Fortner* action, the tolling order entered by the *Fortner* court remains in effect. *See In re Multi-Piece Rim Prods. Liability Lit.*, 653 F.2d 671, 678 n.5 (D.C. Cir. 1981) (declining to address the defendant's "novel contention" that all prior orders issued by transferor courts "spontaneously lose their validity at the moment of consolidation").

The next question, then, is whether the court, as urged by the Bank, should reconsider or vacate the *Fortner* order and enter an order that ceases tolling as of today's date or whether the court, as urged by plaintiffs, should continue to enforce the *Fortner* order under the law of the case doctrine or otherwise continue to toll the statute of limitations until Notice is issued. For purposes of plaintiffs' motion, the court assumes that the law of the case doctrine generally

applies in the MDL context in determining whether an MDL court should revisit an order entered by a transferor court. *See In Re Ford Motor Co.*, 591 F.3d 406 (5th Cir. 2009) (in MDL context, transferee court should use the law of the case doctrine to determine whether to revisit a transferor court's decision); *In re Pharmacy Benefit Managers Anti-Trust Lit.*, 582 F.3d 432 (3d Cir. 2009) (in MDL context, transferee court erred in vacating order of transferor court under law of the case doctrine in the absence of circumstances justifying reconsideration of the issue). In the context of this specific MDL, the court views the *Fortner* order as the "law of the case" in the sense that plaintiffs were reasonable to have relied on that order (and, specifically, the tolling it provided for the entire FLSA putative class in this MDL) as a basis for not already having taken steps to notify the putative class members of this MDL. To be sure, the *Fortner* order clearly controlled the tolling issue (at least with respect to FLSA claims against Bank of America, N.A.) until now and the court recognizes tolling through today's date under the *Fortner* order for FLSA claims against Bank of America, N.A.

In the interests of justice, the court will also recognize tolling through today's date for FLSA claims against Bank of America Corporation despite the fact that this entity was not named as a defendant in the *Fortner* action. At the time the *Fortner* court issued its order tolling the limitations period until the issuance of court-authorized notice, Bank of America Corporation was well aware of the *Fortner* action as it had previously, along with Bank of America N.A., and represented by the same counsel as that defendant, moved the JPML to transfer all cases, including *Fortner*, to the Central District of California. Bank of America Corporation, then, was surely responsible for the delay in further processing of the *Fortner*

6

action despite the fact that it was not named as a defendant in that case. Moreover, during the proceedings before the JPML, the *Fortner* plaintiffs were precluded from pursuing notification of their claims against Bank of America, N.A. because the court had stayed the proceedings. It makes no sense, then, to expect that the *Fortner* putative class would have pursued notification of potential claims against an entity that they had not sued simply because their case ultimately was consolidated through a process that they did not initiate.

Even after *Fortner* was transferred here and plaintiffs filed their consolidated complaint naming Bank of America Corporation as a defendant, plaintiffs were reasonable to rely on the *Fortner* order as a basis not to press for notification as to defendant Bank of America Corporation. The collective defendants at no time asked the court to revisit the *Fortner* order and, as described above, that order remained in effect after the transfer of the case to this MDL. Moreover, if plaintiffs were not entitled to rely on the *Fortner* order at that juncture with respect to Bank of America Corporation, then they would have lost a significant benefit they achieved through the *Fortner* order–the ability to focus on other aspects of the MDL litigation (including analyzing the nature and scope of each of the consolidated cases) without simultaneously having to spend time and money notifying potential class members of this MDL litigation. To say that plaintiffs should have been pursuing notice of their FLSA claims against Bank of America Corporation during this time frame would effectively place the *Fortner* plaintiffs–who had successfully obtained the tolling order in their case–at a significant disadvantage by virtue of their inclusion in the MDL. The court believes that such a result would be unjust, given the unique procedural history of this litigation and the fact that Bank of America Corporation does

7

not suggest that it is prejudiced in any way by the court treating it on the same footing as Bank of America, N.A.

For the foregoing reasons, then, the court is comfortable that the statute of limitations periods for the FLSA claims of the putative class members against both defendants have been tolled through today's date. Prospectively, however, the court does not feel obliged under the law of the case doctrine to adhere blindly to the *Fortner* court's tolling order. Under the law of the case doctrine, "[a] court has the power to revisit prior decisions of its own or of a coordinate court *in any circumstance*, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (emphasis added). The law of the case, then, is a discretionary doctrine, not a mandatory one. *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). The rule is a flexible one, a presumption "whose strength varies with the circumstances." *Id*. at 1224-25. Moreover, in the MDL context, sound exercise of the discretion inherent in the law of the case doctrine "requires attention to the special authority granted to the multidistrict transferee judge." *In re Multi-Piece Rim Prods. Liability Lit.*, 653 F.2d at 678.

Here, the circumstances surrounding the *Fortner* order, coupled with this court's obligation as the judge responsible for this MDL litigation, require the court to consider the tolling issue de novo. Significantly, the judge's tolling order in the *Fortner* case contains no analysis of the issue whatsoever and no discussion or even acknowledgment of any of the arguments raised by the Bank in opposition to the motion. Based on the court's review of the

8

docket, it appears as though the judge in the *Fortner* case simply filed (with slight modification) the proposed order submitted by the plaintiffs, including curious language that the court, in ruling on the motion, considered "the briefs, the record, the applicable law and arguments of counsel, if any." Moreover, the judge's selection of the tolling start date as the date the Bank filed its answer, without any rationale for the selection of that date and over the argument by the Bank that the use of that date was a non-sequitur–is another indication that the judge may not have given the plaintiffs' motion the careful analysis that it merited. As the MDL judge assigned to this litigation, the court would be evading its responsibilities if it were simply to rest on such an order as the "law of the case" and continue, once the issue has been raised here, to give that order effect when the basis of the order is entirely unknown. *See id.* Finally, the fact that the *Fortner* court's ruling is an interlocutory one further convinces the court that reconsideration of the order is not only permissible, *see Been*, 495 F.3d at 1225, but, in light of the perfunctory nature of that order, necessary. Nonetheless, the court must also take into account the impact which the *Fortner* order has had in creating reasonable expectations in the parties in determining whether to toll the statute of limitations for the FLSA claims of the putative collective action members going forward.

The court certainly understands that the Tenth Circuit generally applies in single-plaintiff cases a very high standard in determining whether to equitably toll the limitations period–reviewing for circumstances rising to the level of "active deception." *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). The Circuit, however, has never examined the issue of equitable tolling in the context of multidistrict litigation consolidating lawsuits from across the

country alleging nationwide FLSA collective actions. As will be explained, the court believes that this difference is not only significant but justifies tolling the limitations period in this case for the FLSA putative class until the court authorizes the provision of notice to putative class members or issues an order denying the provision of notice.

The particular expectations of and burdens on the parties and their counsel in an MDL case inform the court's conclusion that equitable tolling is appropriate here. In the court's experience, counsel in MDL cases expect that their resources and efforts will be directed to specific issues in orderly phases. Plaintiffs' MDL counsel, since the transfer of these cases to this court, have been addressing numerous procedural and substantive issues, from familiarizing themselves with the intricacies of the numerous cases in this MDL and managing those cases cohesively despite the fact that those cases present claims stated under various state laws to preserving at the outset the claims of the MDL putative class members by challenging (successfully) the Bank's proposed settlement outside the MDL of claims alleged in a related but undisclosed case pending in another federal district court. It is not reasonable in this court's view to expect that plaintiffs' counsel, while simultaneously addressing these and other considerable management issues,[2] would be pressing for early notification, particularly when plaintiffs' counsel were operating under the reasonable belief that the *Fortner* order tolled the limitations period through the notice phase. That does not mean that equitable tolling is

---

[2]As reflected in the Report of Parties' Planning Conference, the parties disagree about the timing of pre-certification discovery, how contact information for members of the proposed classes of employees should be produced, how payroll data should be produced, and how discovery of electronic data such as e-mails will be handled. Resolution of these issues will be necessary before a decision on certification and notice can be made.

10

appropriate through the notice phase in every FLSA putative collective action or even every one that becomes an MDL. But it does mean that under the circumstances of this case it is appropriate here.

As a starting point, the court believes that it is appropriate to toll the statute of limitations against both defendants during the pendency of the Bank's substantive motion to dismiss plaintiffs' consolidated complaint. While the court did not formally stay the proceedings once the Bank filed its motion, the court would not have expected plaintiffs to expend time and valuable resources working to notify putative class members of this MDL in the face of a motion to dismiss all counts of the consolidated complaint and in light of the *Fortner* order. To be sure, then, notification in this case has been delayed, through no fault of plaintiffs or their counsel, by the filing and processing of the motion to dismiss. *See Stickle v. SCI Western Market Support Center, L.P.*, 2008 WL 4446539, at *22 (D. Ariz. Sept. 30, 2008) (court denied without prejudice plaintiffs' motion for expedited collective action notification and directing plaintiffs to re-file the motion after the court resolved anticipated motions to dismiss; thereafter, tolling statute of limitations from the date defendants filed their motions to dismiss through the date plaintiffs re-filed their motion for expedited collective action notification).

The court must next determine whether and to what extent to toll the statute of limitations beyond a decision on the motion to dismiss. In making that determination, the court as explained above, declines to utilize the "active deception" standard articulated by the Tenth Circuit in other contexts and, instead, concludes that this particular MDL consolidating lawsuits filed nationwide alleging FLSA collective actions (as well as Rule 23 class claims under various

state laws) warrants consideration of the tolling issue under a more flexible standard such as the standard adopted by the Sixth Circuit. Under the Sixth Circuit's approach, the court considers five factors in determining whether to equitably toll the statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000); *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169 (6th Cir. 2008) (applying five factors in context of FLSA case). Not every factor will apply in all cases and "the propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Graham-Humphreys*, 209 F.3d at 561.

With respect to the first two factors and the last factor articulated by the Sixth Circuit concerning notice of the filing requirement, the *Fortner* order is again relevant. Because the *Fortner* order tolled the statute of limitations for the FLSA putative class until the provision of court-authorized notice, members of the FLSA putative class would have been entirely reasonable to believe that they were not in danger of losing their claims to the statute of limitations by waiting to file an opt-in form until they received formal notice of the lawsuit. Thus, to the extent putative class members know or should know that their FLSA claims are subject to a two- or three-year statute of limitations, they are presently enjoying a court's order that freezes the running of the clock and are reasonable in believing that the order is effective until formal notice of the lawsuit is issued. Because the *Fortner* court, then, has led the FLSA

putative class members to believe that their claims are preserved until the issuance of formal notice, a ruling now that states otherwise would work to the detriment of those putative class members, who would find themselves worse off by virtue of having their case transferred to this MDL at the Bank's motion. Not only do the first two factors of the Sixth Circuit's test weigh in favor of equitable tolling, but the Tenth Circuit even recognizes the possibility of tolling in such circumstances. *See Burger v. Scott*, 317 F.3d 1133, 1142 (10th Cir. 2003) (equitable tolling may be applied where a court has led a particular plaintiff to believe that he or she had done all that is required under the circumstances) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)); *Montoya v. Chao*, 296 F.3d 952 (10th Cir. 2002) (equitable tolling might be appropriate where a plaintiff has been "lulled into inaction" by the courts).

The third factor also weighs in favor of equitable tolling. The FLSA putative class members cannot be charged with a lack of diligence in pursuing their claims. Again, any delay in filing their opt-in forms at this juncture (or in seeking advice on whether to file an opt-in form) is reasonable based on the *Fortner* tolling order. Indeed, if the court declined to extend tolling through court-authorized notice and later was presented with an individual opt-in whose claims were time-barred but would have been timely filed under the *Fortner* tolling order, the court would be hard-pressed to find that the opt-in plaintiff lacked diligence and in all likelihood would grant equitable tolling to that opt-in plaintiff. Moreover, the Bank has not articulated any prejudice whatsoever if the court were to equitably toll the statute of limitations through court-authorized notice or an order denying the provision of notice. *See Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 616 (10th Cir. 1988) (tolling statute of limitations where

13

EEOC lulled plaintiffs into inaction and defendant did not show that any "significant prejudice" would result from allowing plaintiffs to proceed; defendant was "fully apprised" of the plaintiffs' claims). Based on the foregoing, the court is convinced that in the specific circumstances present with this MDL, equitably tolling the statute of limitations through the provision of court-authorized notice or an order denying the provision of notice is an approach the Tenth Circuit would approve.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to enforce the *Fortner* order regarding FLSA tolling or, in the alternative, to award FLSA tolling (doc. 82) is granted.

**IT IS SO ORDERED** this 20th day of October, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
