**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

IN RE: BANK OF AMERICA
WAGE AND HOUR EMPLOYMENT
LITIGATION                                             No.  10-MD-2138-JWL

**This Order Relates to All Cases**

_____

**SUGGESTION OF REMAND**

This multidistrict litigation proceeding consolidates numerous putative collective and class actions against Bank of America, N.A. and Bank of America Corporation ("the Bank") on behalf of current and former non-exempt retail branch and call center employees alleging violations of both federal and state wage and hour laws.  This matter is presently before the court on plaintiffs' recommendation that the court suggest that the Judicial Panel on Multidistrict Litigation remand individual claims that are unrelated to any alleged violations of federal or state wage-and-hour laws.  Specifically, plaintiffs recommend that the court suggest remand of the following individual claims:

> In *Carrero v. Bank of America*, Case No. 09-cv-862 (M.D. Fla.): Count II (violation of the FMLA); Counts III and IV (FMLA retaliation); and Counts V and VI (defamation).

> In *Kauffman v. Bank of America*, Case No. 09-cv-04114 (N.D. Cal.): Count VII (violation of the California Fair Employment & Housing Act); Count VIII (disability discrimination under FEHA); Count IX (retaliatory termination); and Count X (defamation).

> In *Zhou v. Bank of America*, Case No. 09-cv-04016 (N.D. Cal.): Count VI (failure to pay or race discrimination under FEHA); Count VII (violation of California Family Rights Act); Count VIII (retaliatory termination); and Count IX (libel).

The Bank does not oppose plaintiffs' recommendation. While the Bank indicates its belief that these claims have been abandoned by plaintiffs' failure to include the claims in the consolidated complaint filed in this MDL, the Bank indicates that any determination of the impact of the filing of the consolidated complaint on those claims should be made by the transferor court upon remand. In the absence of an objection from plaintiffs, the court concludes that this approach is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court hereby suggests remand to the respective transferor courts of the individual claims set forth in this order.

**IT IS SO ORDERED** this 10th day of November, 2010.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge