## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

IN RE: BANK OF AMERICA
WAGE AND HOUR EMPLOYMENT
LITIGATION                                      **Case No. 10-MD-2138-JWL**

**This Order Relates to All Cases**

### MEMORANDUM & ORDER

On June 5, 2014, twelve individuals, proceeding pro se, filed a motion to intervene as plaintiffs in this case under Federal Rule of Civil Procedure 24(a)(2) and 24(b) and, on July 10, 2014, another pro se individual filed a "Notice of Joinder" to the motion to intervene. Although plaintiffs and the Bank initially failed to respond to the motion, all parties have since filed timely and adequate responses to the court's show cause order such that the matter is now ripe for resolution.[1] As will be explained, the motion is denied and the court strikes the Notice of Joinder.[2]

The movants seek to intervene in this MDL as both a right under Rule 24(a) and permissively under Rule 24(b). In its entirety, the motion asserts that the movants "have a common vested interest in this litigation providing questions of laws [sic] and facts that are common in this action" and that "movants will supply this court evidence which includes documents, exhibits, graphs, charts, and transcripts related to this case." No additional

---

[1] One of the movants responded to the court's show cause order by filing a "motion for information" in which she states that she requires additional information to respond to the show cause order. Because the order to show cause was not directed to the movants, the court will strike the motion for information.

[2] The movants did not file a reply to the responses filed by plaintiffs and the Bank.

information has been provided to the court despite the fact that more than 2 months have passed since the filing of the motion to intervene.

Rule 24(a)(2) entitles a movant to intervene as of right if: (1) the movant claims an interest relating to the property or transaction that is the subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest. *WildEarth Guardians v. National Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (citing Fed. R. Civ. P. 24(a)(2)). These factors "are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation." *Id.*

The prospective intervenors have asserted no legally protectable interest (or any interest at all) relating to the subject of this MDL.  They do not assert that the settlement in this case might impair or impede a claimed interest relating to the subject of this MDL.  They do not assert that their interests diverge from the interests of the plaintiffs.  In fact, the prospective intervenors do not even assert that they are current or former employees of the Bank.  The movants have not remotely satisfied the elements of Rule 24(a)(2) and the motion is denied to the extent it is based on Rule 24(a)(2).

Rule 24(b) governs permissive intervention and, in the absence of a federal statute providing a conditional right to intervene, requires the potential intervenor to show that he or she "has a claim or defense that shares with the main action a common question of law or fact." *Kane County, Utah v. United States*, 597 F.3d 1129, 1135 (10th Cir. 2010).  The motion filed by the prospective intervenors fails to identify any claim or defense that they might have that shares a common question of law or fact with this MDL.  The motion identifies no connection

2

whatsoever between the prospective intervenors and the subject of this MDL or any of the parties to the MDL.  Moreover, Rule 24(b)(3) requires the court to consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights."  Without question, permitting intervention at this juncture (and certainly in the face of total non-compliance with Rule 24) would unduly delay and prejudice the parties to this MDL—parties who have been litigating their claims and defenses for many years and who are now nearly 8 months into the process of settlement administration in a complex case.  For these reasons, the court denies the motion to the extent it is based on Rule 24(b).

The court further denies the motion to intervene based on the movants' failure to comply with Rule 24(c), which requires that the motion to intervene "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  As indicated earlier, the motion to intervene contains only conclusory language concerning the prospective intervenors' alleged interest in this litigation.  The prospective intervenors have not identified any claim or defense for which intervention is sought and the court can discern no issue that the movants seek to raise.  *See Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 2011 WL 4688857, at * (D. Kan. Oct. 5, 2011) (denying motion to intervene on procedural grounds under Rule 24(c) where motion failed to adequately inform the court of the factors necessary to justify intervention and failed to inform the parties of the grounds on which it sought to intervene sufficiently to enable a response).

Lastly, Randall Pittman has filed a Notice of Joinder indicating that he seeks to join the motion to intervene.  Because the court has denied the motion to intervene, the court will strike Mr. Pittman's Notice of Joinder.

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** the motion to intervene as plaintiffs (doc. 659) is **denied;** the court **strikes** the Notice of Joinder filed by Randall Pittman (doc. 661); and the court **strikes** the motion/request for information filed by prospective intervenor Karen Wilson (doc. 662).

**IT IS SO ORDERED.**

Dated this 8th day of August, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4